FILED

**NOT FOR PUBLICATION**

AUG 23 2010

**UNITED STATES COURT OF APPEALS**

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**FOR THE NINTH CIRCUIT**

|  |  |
|---|---|
| **SI THU HTET**, | No. 06-70320 |
| Petitioner, | Agency No. A095-876-656 |
| v. | **MEMORANDUM**[*] |
| **ERIC H. HOLDER, Jr., Attorney General**, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 8, 2010[**]
Pasadena, California

Before:    **KOZINSKI**, Chief Judge, **RAWLINSON**, Circuit Judge, and
**MARBLEY**, District Judge.[***]

The immigration judge's adverse credibility finding is not supported by

substantial evidence.  The petitioner produced all easily available, non-duplicative,

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Algenon L. Marbley, United States District Judge for the
Southern District of Ohio, sitting by designation.

material evidence corroborating his claims. Cf. Chebchoub v. INS, 257 F.3d 1038, 1044–45 (9th Cir. 2001) (failure to do so can be basis for adverse credibility finding). The main inconsistency is a minor dispute about who typed a letter explaining the petitioner's political activities in the United States. See de Leon-Barrios v. INS, 116 F.3d 391, 393 (9th Cir. 1997) ("Generally, minor inconsistencies and minor omissions relating to unimportant facts will not support an adverse credibility finding."). That fact is not central to the petitioner's claims. The other "inconsistencies" are illusory: First, the petitioner could fear persecution even though he voluntarily returned to Burma in 2001; he claims he was beaten and interrogated during that trip. Second, the petitioner could be persecuted even though the government has left most of his family members alone; they weren't engaged in political activities. And the petitioner claims that the one family member who was involved in political activities—his father—was imprisoned for such participation, even if he's now been released. Third, authorities at Yangon Airport may have the petitioner's name and picture even though he left without trouble in 2001; the information could simply have been distributed later. The IJ's description of the petitioner's demeanor wasn't specific enough to support an adverse credibility finding either. See Arulampalam v. Ashcroft, 353 F.3d 679, 686 (9th Cir. 2003).

In addition, the government concedes it has not shown that the petitioner firmly resettled in Singapore. We therefore grant the petition and remand to the BIA to determine whether the petitioner is entitled to asylum, withholding of removal or relief under the Convention Against Torture.

**PETITION GRANTED; REMANDED.**

*Htet v. Holder*
No. 06-70320

RAWLINSON, Circuit Judge, dissenting:

I respectfully dissent. In my view, the Immigration Judge's adverse credibility determination is supported by substantial evidence. The inconsistent testimony regarding the letter attesting to Petitioner's membership in the group that formed the basis for his asserted persecution was an important part of his case. *See Kin v. Holder*, 595 F.3d 1050, 1058 (9th Cir. 2010) ("An inconsistency goes to the heart of a claim if it concerns events central to petitioner's version of why he was persecuted and fled.") (citation and parentheses omitted). Indeed, the Petitioner's attorney represented that the witness was testifying about the letter to go "to the weight [the immigration court] would give to his claim for a well-founded fear of presently returning to Burma." Even more telling, the Petitioner's attorney moved to withdraw from the case at the close of the first hearing, stating that he could not "ask [the Petitioner] in good faith any more questions . . ."

In addition, the Immigration Judge (IJ) made a demeanor finding that we have previously held must be given "special deference." *Singh-Kaur v. INS*, 183 F.3d 1147, 1151 (9th Cir. 1999) (citation omitted).

Finally, the IJ noted that Htet's family remained in Burma undisturbed. This

1

finding included the Petitioner's father who was purportedly arrested for being a member of the same organization as Petitioner.

Considering this record, I would deny the petition, keeping in mind our charge that we may reverse the IJ's ruling only if a contrary determination is compelled by the evidence. *See Hammad v. Holder*, 603 F.3d 536, 543 (9th Cir. 2010) ("To reverse the BIA finding we must find that the evidence not only supports petitioner's argument, but compels it.") (citation and alteration omitted). Because the record in this case does not compel a contrary result, I respectfully dissent.